[Civil No. 4440.   Filed March 23, 1942.]

[124 Pac. (2d) 316.]

A. C. WHITING, as Administrator of the Estate of Lynn Whiting, Deceased, Appellant, v. LYMAN WATER COMPANY, a Corporation, Appellee.

Mr. F. Ray Brown, of Salt Lake City, Utah, for Appellant.

Messrs. Snell & Strouss, and Mr. Mark Wilmer, of Phoenix, Arizona, for Appellee.

LOCKWOOD. C. J.—Lyman Water Company, a corporation, plaintiff, brought suit for a declaratory judgment against A. C. Whiting, as administrator of the estate of Lynn Whiting, deceased, defendant, to determine what, if any, rights defendant had to secure irrigation water for certain premises from plaintiff.

The facts of the case are not seriously in dispute, and may be stated as follows: Plaintiff was incorporated sometime prior to 1915 for the purpose of storing and supplying water to its stockholders. Its capital stock was originally 15,000 shares, but was eventually reduced to 6,000. The theory was that each share of stock entitled the holder to secure water sufficient to irrigate one acre of land. This stock was not permanently attached to any particular land, but could be used by the shareholder to secure water for any land which he might own from time to time. Defendant's predecessor in interest, E. M. Whiting, in 1915 owned 40 shares of stock in plaintiff corporation. He also owned certain land situated in section 26, township 13 north, range 27 east, and another tract

of land, being approximately 24 acres, located in section 28, township 13 north, range 28 east. About 1915 Whiting began to irrigate the 24 acres in section 28 above described, with water furnished through the storage dam and canal of plaintiff, and continued such irrigation until the dam was partially destroyed by flood shortly thereafter. About 1921 the reservoir was reconstructed, and Whiting resumed irrigation of the land. In 1920 he had mortgaged to the state his land in section 26, together with the 40 shares of stock, and in 1929 quitclaimed the mortgaged stock and land to the state. It was understood that eventually he was to repurchase his stock from the state, but this was never done. He and his successors in interest were allowed to irrigate the 24 acres of land in section 28 continuously, as water was available, from 1921 up to the filing of this suit, notwithstanding that the stock had long since passed to the state. During all this period the regular assessments made by plaintiff for the purpose of operating its reservoir and canal system have been paid by Whiting and his successors in interest. The question is, what, if any, rights defendant has to the continued delivery of the water stored and diverted by plaintiff's irrigation system?

While the details differ considerably, the essential facts and the principles involved in this action are identical with those which appear in the case of *Olsen* v. *Union Canal & Irrigation Company,* 58 Ariz. 306, 119 Pac. (2d) 569. The plaintiff, as did evidently defendant in the case cited, either misconstrued or ignored the fundamental principles of water law of this state obtaining since 1901 and 1904, and believed that the ownership of stock in a corporation which owned and operated a canal and reservoir system used to supply irrigation water was necessary, before one having a valid appropriation of water could compel the corporation to carry and deliver water to

him. We think it is unnecessary to repeat these principles in detail. They are fully set forth in the Olsen case. It is sufficient for us to summarize them by stating that the right to the delivery of water by the owners of a canal and reservoir system depends entirely upon the right of appropriation held by the water user, and is not in any manner dependent upon his owning stock in such a corporation. Such companies have duties similar to that of common carriers, and must carry the water which they do not, and can never, own, to the person who has the right to use it by virtue of an appropriation under the laws of the state, upon the payment of proper carriage charges, regardless of the ownership of stock in the corporation.

Since it appears that defendant and his predecessors in interest established in 1915 their right of appropriation of the use of waters stored by plaintiff, for the irrigation of the 24 acres of land involved in this action, and since such right has never been lost, it is the duty of plaintiff to continue to furnish water to defendant, in accordance with his appropriation, upon payment of the proper delivery charges.

The judgment of the superior court of Apache county is reversed and the case remanded with instructions to enter a declaratory judgment in accordance with the principles set forth in this opinion.

McALISTER and ROSS, JJ., concur.